**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 91-CR-30018-WDS |
| | ) | |
| ANTHONY ANGELO SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Before the Court is defendant's motion for reduction in sentence pursuant to 18 U.S.C. § 3582 (Doc. 567). The United States Sentencing Commission has enacted an amendment to the United States Sentencing Guidelines that, in general, has the effect of reducing the sentencing ranges for offenses involving particular quantities of crack cocaine. See U.S. Sentencing Guidelines Manual app. C, amend. 750 (2011). Because Parts A and C of this amendment apply retroactively, see id. § 1B1.10(c), the Court is empowered pursuant to 18 U.S.C. § 3582(c)(2) to modify Defendant's sentence.

After review of the defendant's motion, the Federal Public Defender's Motion to withdraw (Doc. 582 which the Court granted at Doc. 584) and the defendant's supplemental motion (Doc. 585) and all relevant factors prescribed by § 1B1.10 and Application Note 1(B) to same, the Court has determined that a reduction of sentence based on the amended guideline range from his current sentence of 405 does not appear to be appropriate in this case. The 2007 amendments to the Sentencing Guidelines did not allow for reduction in guideline levels when the relevant conduct included more than 4.5 kilograms of cocaine base. As the Seventh Circuit noted on direct appeal,

the defendant's sentence was based on 15 kilograms of crack cocaine. *United States v. Smith*, 26 F.3d 739, 756-57 (7th Cir. 1994). Even with the 2011 amendments to the Sentencing Guidelines, the defendant is not entitled to a reduction in sentence pursuant to § 3582. The sentencing range for more than 8.4 kilograms of cocaine base is a Level 38, before any adjustments. The defendant received a two level enhancement for possession of a gun, and had a Criminal History Category of II. These result in an Advisory Sentencing Guidelines range of 324-405 months, with a statutory mandatory minimum of 120 months.

Under § 3582, a two step process applies when a court considers whether a reduction is warranted. *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). First the Court must determine if the defendant is eligible for a reduction under the Amended Guidelines. *Id.* If not, then there is no authority to reduce his sentence. Where an amendment to the Guidelines "does not have the effect of lowering the defendant's applicable guideline range," a reduction is not warranted. U.S.S.G. § 1B1.10(a)(2)(B). If, he is eligible for reduction, the Court has discretion, under 18 U.S.C. § 3553(a) sentencing factors, to determine if a reduction is appropriate.

Defendant states that he seeks a reduction to a "non-guideline" sentence because the alleged amount of drugs "wasn't admitted by the defendant or found by the jury beyond a reasonable doubt." However, the Seventh Circuit has addressed this issue (of the finding of the amount of drugs) and previously determined it to be of no merit, in light of the evidence in this case.[1] Particularly, the Seventh Circuit stated in *United States v. Smith,* 241 F.3d 546, 547-48 (7th Cir. 2001):

> If Smith possessed at least 5 grams of crack with intent to distribute, then

---

[1] The Court, in 1999, corrected the defendant's sentence based upon Amendment 505 to 405 months.

> the statutory maximum is 40 years, § 841(b)(1)(B), and for any lesser weight the maximum is 20 years. Smith's 405-month sentence is under 40 years, so 5 grams would have sufficed. Given the extensive criminal conduct narrated in our 1994 opinion concerning Smith and his many confederates, who operated an extensive, multi-year drug ring, such a finding would have been ordained. The judge found Smith accountable for more than 15 *kilo*grams of crack cocaine, and the lowest plausible estimate was around 9 kilograms. [*United States v. Smith,*] 26 F.3d at 756-57. It is inconceivable that the jury would have convicted Smith of participating in the overall conspiracy, as it did, yet believed that he and his co-conspirators jointly dealt in less than 5 grams of crack. (Smith is answerable for all criminal acts of his co-conspirators within the scope of the conspiracy.) Thus, just as in *Nance*, the error in 1992 was not "plain error."

Here, even after consideration of each of the more recent amendments to the Guidelines for cocaine base offenses, the defendant's current guideline range remains unaffected by the application of those amendments to his sentence. His amended guideline range still results in a range of 324 to 405. His current sentence is 405 months, and therefore, there is no change in his guideline range, and he is not eligible for a sentence reduction.

Therefore, the Court **DENIES** defendant's motion for a reduction pursuant to 18 U.S.C. § 3582 on all grounds raises, including applying the most recent amendments to the Guidelines.

**IT IS SO ORDERED.**

DATE:   5 December  , 2011

                                                  **/s/  WILLIAM D. STIEHL**
                                                      **DISTRICT JUDGE**